SERRALLES et al. v. SUCESION OF SERRALLES.

(Circuit Court of Appeals, First Circuit. January 18, 1927.)

No. 1755.

1. Wills ⬤⟳433—Will of record owner and partition, in which one through whom plaintiffs claimed joined, held admissible in action to establish title.

In action to establish title to estate, will of record owner, including inventory of real estate of which he died seized, and deed of partition in which one through whom plaintiffs claimed joined, held properly admitted.

2. Wills ⬤⟳433—Protocol of will of record owner, containing inventory and partition deed, joined in by one through whom plaintiffs claimed, held admissible.

In action to establish title to an estate, protocol of will of record owner, containing inventory of real estate and partition deed, in which one through whom plaintiffs claimed joined with other partitioner, held admissible as admission against interest, and to rebut claim of title by prescription.

3. Quieting title ⬤⟳44(2)—Bequest in will of record owner to brother, through whom plaintiffs claimed title to estate, held admissible.

In action to establish title to an estate, bequest and devise in will of record owner to brother, through whom plaintiffs claimed, held admissible as showing attitude of record owner toward brother, and to rebut claim that estate had been purchased with money of such brother, and title held for him.

4. Adverse possession ⬤⟳114(1)—Evidence held not to show possession under claim of title for 30 years.

Evidence held insufficient to establish possession of land under claim of title for 30 years, necessary to obtain title by prescription.

5. Courts ⬤⟳406(1)—Finding of fact, concurred in by both Porto Rican courts, will not be disturbed, unless clearly wrong.

Finding of fact, concurred in by both district and Supreme Courts of Porto Rico, will not be disturbed by Circuit Court of Appeals, unless clearly wrong.

In Error to the Supreme Court of Porto Rico.

Action of reivindicacion by Mercedes Elena Serralles y Ramos and others against the Civil, Industrial, and Agricultural Association known as the Sucesion of Juan Serralles. Judgment for defendant was affirmed by the Supreme Court of Porto Rico, and plaintiffs bring error. Affirmed.

Arturo Aponte, Jr., of Humacao, Porto Rico, for plaintiffs in error.

Howard L. Kern, of New York City (Armstrong, Keith & Kern, of New York City, on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from the judgment of the district court of Ponce in favor of the defendant in error in an action of reivindicacion brought by the heirs of Marcial Serralles to establish their title to an estate in the municipality of Santa Isabel, judicial district of Ponce, Porto Rico, against the defendant, the assignee of heirs of Juan Serralles, a brother of Marcial. The estate is called in the record by the different names of "Las Hoyas," "Regalo," and "Las Ollas."

In their complaint the plaintiffs claim title on two grounds, viz. as a gift to Marcial from his brother, Juan, and possession for a sufficient time, under the laws of Porto Rico, to give title by prescription.

The defendant claims title through a deed executed by Jose Cerda to Juan Serralles in 1881 and a deed to it from the heirs of Juan.

The defendant is a civil, agricultural, and industrial partnership known as "Sucesion of J. Serralles."

The complaint alleges upon information and belief that Juan purchased this property in 1877 and gave it to his brother Marcial as compensation for services rendered by the latter to the former, and that the deed was originally made out in the name of Marcial, the property being described therein under the name of "Regalo"; that later, however, the property was deeded to Juan, so that he might make a claim to certain lands that were not included in the deed to Marcial, because Juan had made the contract of purchase.

The defendant in its answer denied that the purchase was made in 1877, and alleged that it was made in 1881, and also denied that it was purchased by Juan with the intention of giving it to his brother Marcial as payment for services, or that he ever gave it by deed or otherwise to Marcial, and further alleged that Juan, "whose wealth consisted almost entirely of real estate, was in a better financial condition than his brother and desired to help him," purchased the land in question to provide a pasture for Marcial's cattle, as troubles had arisen between his foreman and Marcial, because of the trespassing of his cattle upon Juan's property.

The complaint also alleged that the plaintiffs and their ancestors, as owners, remained in possession of the land in question until September, 1908, when they were ousted by a judgment obtained in an action for unlawful detainer brought by the heirs of Juan.

The district court of Ponce rendered judgment in favor of the defendant, and this was affirmed by the Supreme Court of Porto Rico.

The assignment of errors which have been argued are: First, the Supreme Court of Porto Rico erred in holding that the district court committed no error in admitting as evidence the will and testament of Juan Serralles; second, the Supreme Court of Porto Rico erred in rendering judgment affirming the judgment of the district court. The first assignment of error relates to the admission in evidence, to which exception was taken, of the will of Juan Serralles, which in its seventh clause reads as follows:

"Seventh. I bequeath to Sebastian Marcial Serralles, my brother, or his successors, the sums he may owe me at the time of my decease as shown by my books of account; in other words, any accounts I may have against him are to be considered as paid. I also devise to my said brother or his successors, the lands contained in my property, Paraiso, which are situated in the Real ward."

Not only was the will introduced, but also the record of its probate, which showed that Marcial was named as executor of this will and took part in the proceedings to wind up the estate of Juan, in which he included among the properties inventoried as belonging to the estate the "Las Hoyas" property. In his capacity also as partitioner of the real estate of his brother, he signed the deed of partition, in which the land in question was awarded or allotted to the children of his brother.

The plaintiff introduced oral testimony tending to show that Marcial, from 1877 down to his death, and that after his death his heirs, were in possession of the land in question and paid taxes upon the same.

The following letter, dated March 17, 1889, written by his brother, Juan Serralles, was introduced:

"Dear Brother: I got up this morning cured of my throat trouble. I told Don Eduardo that as I am leaving for Santo Domingo he should make out the deed of Las Hoyas to you in your name. He knows that said property has been purchased for you. I received the corn that you sent. Your brother, Juan."

One Sanchez, a witness for the plaintiff, testified that, at the request of Marcial, he went to see Eduardo Wellenkamp, an attorney for Juan Serralles, and said to him, "I have been commissioned by Don Marcial to ascertain how the deed to Las Ollas can be transferred to him;" and Eduardo said, "Tell Don Marcial that I am sick, but not to worry, because the Serralles succession knows that that property belongs to him; that, just as soon as I get better, the first thing I do will be to transfer the deed to him."

Marcial died in 1906, and the action of unlawful detainer was brought in 1908. Whatever may have been the intention of Juan in 1889, when he wrote the letter admitted in evidence, he had not, at the time of his death, which occurred on September 22, 1897, deeded the property to his brother.

Under the Civil Code of Porto Rico, art. 641, title to land cannot be conveyed except by deed. Juan, not having conveyed the land in question to his brother, died seized of the same.

It is not disputed that on August 22, 1881, Jose y Cerda conveyed the land in question to Juan Serralles by deed which was properly recorded, so that, from that date until his death, title to this land was in him.

[1] We think there was no error in admitting the will of Juan Serralles, or the proceedings in settlement of his estate, which included the inventory of the real estate of which he died seized, and also the deed of partition, in which Marcial joined with the other partitioner, Eduardo Wellenkamp.

[2] The protocol of the will of Juan, containing an inventory of the real estate of which he died seized and the partition deed in which Marcial joined as a partitioner, were admissible in evidence as an admission of Marcial against interest, and also to rebut the claim of title by prescription.

[3] The bequest and devise in the will to Marcial were also admissible to show the attitude of Juan toward his brother, and to rebut the claim that was made that Juan had purchased "Las Hoyas" with the money of Marcial, and was holding title to land in which his brother Marcial had legal title.

With this phase of the case we think the opinion of the Supreme Court of Porto Rico very aptly deals and we adopt its language:

"The letter written by Juan Serralles is the only evidence that has made us hesitate in the present case. Possibly the force thereof might compel us to forego the doubts and suspicions that an examination of the testimony, by itself alone, of the witnesses of the party plaintiff gave rise to, but the voice of Don Juan is heard in no uncertain form, not only through that letter, but through his will. Don Juan, who was wealthy, did not forget his brother Marcial, whose fortune was small. He appointed him executor in his will, and bequeathed and devised to him 'all the sums of money that he might be owing to him at the time of his death, as well as all the lands of the "Paraiso" situated in the "Real" ward, and separated from the other lands belonging to him, excluding the water rights granted to said lands for purposes of irrigation, such water rights now belonging to the "Laurel," "Mercedita," and "Fe" properties,' and further directed his executors and heirs 'to assist his said brother in whatever way possible and so far as the state of his capital might permit.' And it cannot be conceived that a man, such as the evidence shows Don Juan Serralles to be, who remembered, at the time he made a short trip to Santo Domingo in 1889, that he had left pending the transfer of the deed to 'Las Hoyas,' would have forgotten to comply with that duty towards his brother at the impressive moment in which he made a disposition of his property to take effect after his death, and at a time when his mind was concentrated on his said brother, and he bequeathed to him the amounts owing by him and the lands of the 'Paraiso' property, and directed his heirs to continue to assist him.

"In purchasing and delivering 'Las Hoyas' property to his brother, it was perhaps also the intention of Don Juan to transfer the title of ownership to him at some future date. Perhaps he revealed that intention when, in 1889, he wrote the letter introduced in evidence. Nevertheless the fact is that he never went so far as to give expression to his intention by an act of real legal weight, and when the moment arrived to donate certain property to his brother he selected the 'Paraiso' property for that purpose.

"But the evidence introduced by the party defendant has a still wider significance. Not only was Don Marcial named executor, but as such executor he took part in the proceedings to wind up the estate of Don Juan, and in such proceedings, sanctioned by the signature of Don Marcial, the 'Las Hoyas' property was included among the properties inventoried as belonging to the estate.

"We concur that this fact alone would not be an absolute bar to the establishment of this claim, but, joined to the other circumstances that we have analyzed, it impels us to hold that the conclusion reached by the district court is, in our opinion, based upon a fair and intelligent appraisement of the pleadings and the evidence."

[4, 5] Under the claim by the plaintiff that title was acquired by prescription, the Supreme Court of Porto Rico has found as a fact, under conflicting evidence, that the plaintiffs and their ancestor had not been in possession of the land in question under a claim of title for 30 years, which, under the law of Porto Rico, is necessary to gain title by prescription. In this both courts in Porto Rico have concurred, and under the decisions of this court, which have been several times announced, a finding of fact in which both the Porto Rican courts have concurred, will not be disturbed, unless clearly wrong, which we think is not established by the evidence.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee in this court.